IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINERO DUFFIS, | : | Civil No. 3:23-cv-496 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| RACHAEL THOMPSON, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Linero Duffis ("Duffis"), an inmate confined at the Low Security Correctional Institution, Allenwood, in White Deer, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Duffis alleges that the Federal Bureau of Prisons ("BOP") failed to apply his earned time credits under the First Step Act ("FSA"). (Id.). For the reasons set forth below, the Court will deny the habeas petition.

I.  **Background**

Duffis is serving a 120-month term of imprisonment imposed by the United States District Court for the Southern District of Florida for conspiracy to possess, with intent to distribute, cocaine on board a vessel of the United States, and possession with intent to distribute five kilograms or more of cocaine while on board a vessel of the United States. (Doc. 6-1, pp. 3-5). His projected release date is November 15, 2023, via good conduct time. (Id.).

On May 6, 2022, the Department of Homeland Security ("DHS") lodged an immigration detainer against Duffis, reflecting that there is "[a] final order of removal against the alien." (*Id.* at pp. 6-9). DHS noted that Duffis' release is tentatively scheduled for November 15, 2023. (*Id.*).

In his § 2241 petition, Duffis contends that the BOP deemed him ineligible for earned time credits under the FSA due to his deportable status, but that he had not yet been charged with a final order of removal. (Doc. 1). In response, Respondent argues that Duffis' § 2241 petition must be denied because he is subject to a final order of removal issued by DHS, and, thus, ineligible for earned time credits under the FSA. (Doc. 6). The petition is ripe for resolution.

## II.    Discussion

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. *See* 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to

transfer to pre-release custody or supervised release. *See id.* § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." *Kurti v. White*, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.* However, "[a] prisoner is ineligible to apply time credits under subparagraph (C) [application of time credits toward prerelease custody or supervised release] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

Here, Respondent presented evidence that Duffis is subject to a final order of removal. (Doc. 6-1, pp. 6-9; *see also* Doc. 7-1). Although Duffis claims the immigration detainer does not constitute a final order of removal, the detainer is an official DHS document indicating the Duffis is indeed subject to a final order of removal. Because of this final order of removal, and pursuant to the clear language of 18 U.S.C. § 3632(d)(4)(E), the

Court cannot grant Duffis the relief he seeks. Thus, the Court must deny the habeas petition.

## III. Conclusion

Based on the foregoing, the Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: May 10, 2023